ORIGINAL

FILED
MAR 24 2006
U.S. COURT OF FEDERAL CLAIMS

IN THE UNITED STATES COURT
OF FEDERAL CLAIMS

| | |
|---|---|
| EDWARD GRINELLE<br>Plaintiff<br>v.<br>UNITED STATES POSTAL SERVICE<br>Defendant | 06-231 C<br>Civil Action No. |

COMPLAINT

Appellant in the above captioned matter, by and through undersigned counsel, hereby complains against Defendant as follows:

FACTS

1. Appellant Edward Grinnell ("Grinnell") provides services to the United States Postal Service ("USPS") under, and is a party to, Contract No. 04530 ("the Contract");

2. By letter dated May 20, 2005, attached hereto and incorporated herein as Exhibit A, Grinnell was informed of a decision by Appellee Joseph G. Arsenault ("Arsenault") to deny Grinnell access to the mail and all Postal Facilities;

3. Arsenault cited no authority for his decision to deny Grinnell access to the mail and all Postal Facilities;

4. Grinnell appealed Arsenault's decision, pursuant to appeal instructions contained in Arsenault's May 20, 2005 letter, to the Manager of Surface Transportation CMC, Russell A. Sykes ("Sykes") by letter dated May 24, 2005, attached hereto and incorporated herein as Exhibit B;

5. By letter dated August 8, 2005, attached hereto and incorporated herein as Exhibit C, Sykes denied Grinnell's appeal;

6. In his August 8, 2005 letter, Sykes alleged Grinnell violated MI PO-530-2004-2 §131.2(6), attached hereto and incorporated herein as Exhibit D, as the basis for denying Grinnell's appeal;

7. Grinnell has not violated MI PO-530-2004-2 §131.2(6);

8. Grinnell is fit to do business with the USPS;

## JURISDICTION

9. Appellant reaffirms and realleges those allegations contained in the above numbered paragraphs;

10. Pursuant to the Contract, Clause 2.3.1(s)(1), Standard Clause B-9 *Claims and Disputes* ("Clause B-9") is incorporated in the Contract by reference;

11. Pursuant to Clause B-9, the Contract is subject to the Contract Disputes Act of 1978, 41 U.S.C.A. §601 et seq.;

12. Arsenault is the Contracting Officer for the Contract pursuant to 41 U.S.C.A. §601;

13. Arsenault's decision of May 20, 2005 was a decision on a claim of the government against Grinnell and is therefore subject to appeal to the United States Court of Federal Claims pursuant to 41 U.S.C.A. §§606 and 609;

14. Jurisdiction and venue are proper with this Court pursuant to 28 U.S.C.A. §1491(a)(2);

## COUNT I

15. Appellant reaffirms and realleges those allegations contained in the above numbered paragraphs;

16. The decision of the Contracting Officer is based upon the Contract;

17. The Contract contains no provision allowing the Contracting Officer to deny Grinnell access to the mails;

18. The Contracting Officer is without authority to deny Grinnell access to the mails and Postal Facilities;

WHEREFORE, Appellant prays this Court grant judgment in his favor, vacate the decision of the Contracting Officer denying Grinnell access to the mails and Postal

Facilities, award Grinnell reasonable attorney's fees, and grant all such other and further relief as this Court deems just.

COUNT II

19. Appellant reaffirms and realleges those allegations contained in the above numbered paragraphs;

20. Grinnell is fit to do business with the USPS;

21. The Contracting Officer's decision is unsupported by substantial evidence;

22. The decision of the Contracting Officer was arbitrary and capricious;

23. Grinnell has been damaged by the Contracting Officer's decision;

WHEREFORE, Appellant prays this Court grant judgment in his favor, vacate the decision of the Contracting Officer denying Grinnell access to the mails and Postal Facilities, award Grinnell reasonable attorney's fees, and grant all such other and further relief as this Court deems just.

Dated: March 21, 2006

Respectfully submitted,
KELLY & ASSOCIATES, LLC

by: ______________________

Sean D. Magenis, Esq., Bar #9495
Attorney for Appellant
96 High Street
Belfast, Maine 04915
207-338-2702
207-338-0328 Facsimile
kellylaw@adelphia.net