IN THE UNITED STATES COURT
OF FEDERAL CLAIMS

| | |
|---|---|
| EDWARD GRINELL<br><br>Plaintiff<br><br>v.<br><br>UNITED STATES POSTAL SERVICE<br><br>Defendant | Civil Action No. **06-231 C** |

PLAINTIFF'S MOTION TO STAY PROCEEDINGS

Plaintiff in the above captioned action, by and through undersigned counsel, hereby moves this Court to Stay the proceedings in this matter, pursuant to Fed. Cl. R. 56.2, on the following grounds:

ARGUMENT AND MEMORANDUM OF LAW

This Court has broad discretion to remand any matter within its jurisdiction to the appropriate administrative or executive body and stay further proceedings in this Court. Fed. Cl. R. 56.2(a).

Plaintiff in this action, Edward Grinnell ("Grinnell"), brought an appeal of a decision of a contracting officer to the U.S. Postal Service Board of Contract Appeals ("BCA") on February 27, 2006. The cause of action and subject matter of Plaintiff's BCA action is identical to the action brought in this Court.

A contractor may appeal the decision of a contracting officer to the BCA within ninety days of receiving that decision. 41 U.S.C.A. §606. A contractor may also elect to appeal the contracting officer's decision to the Court of Federal Claims within twelve

months of the decision. 41 U.S.C.A. §609(a)(1). A contracting officer must, in his decision, notify a contractor of his right to appeal to an agency board of contract appeals or to the Court of Federal Claims. 41 U.S.C.A. § 605(a). The 90-day appeal period is jurisdictional and may only be exceeded if a contractor can show detrimental reliance on the contracting officer's failure to comply with Section 605. Decker & Co. v. West, 76 F.3d 1573, 1579-80 (Fed. Cir. 1996).

Plaintiff did not receive any notice of his appeal rights in the contracting officer's decision. *See Exhibit A to Plaintiff's Complaint*. Plaintiff's BCA appeal was brought approximately eight months after the decision of the contracting officer. *Id*. Although Plaintiff was not aware of his appeal rights until well after the original 90-day period and therefore detrimentally relied on the contracting officer's failure to comply with Section 605, the BCA may potentially disagree. Therefore, because Plaintiff seeks to preserve his right to appeal the contracting officer's decision, he brought the present action in the Court of Federal Claims within the required 12-month period.

Plaintiff requests that this Court remand the present appeal to the Postal Service BCA, pursuant to Fed. Cl. R. 56.2(a), for BCA determination whether it has jurisdiction over Plaintiff's appeal. Staying all further action in this Court will allow the Postal Service BCA to address the jurisdictional issue and conserve judicial resources without denying Plaintiff his right to appeal under the Contract Disputes Act.

WHEREFORE, Plaintiff prays this Court grant his Motion to Stay Proceedings, stay all further proceedings in this matter for six (6) months, remand the matter to the Postal Service Board of Contract Appeals for determination on whether the Board has jurisdiction to hear Plaintiff's appeal, designate Plaintiff's counsel to report the status on remand to this Court on 90-day intervals, and grant all such other and further relief as this Court deems just.

Dated: March 28, 2006

Respectfully submitted,
KELLY & ASSOCIATES, LLC

by: /s/ Sean D. Magenis

Sean D. Magenis, Esq., Bar #9495
Attorney for Plaintiff
96 High Street
Belfast, Maine 04915
207-338-2702
207-338-0328 (fax)