IN THE UNITED STATES COURT
OF FEDERAL CLAIMS

| | | |
|---|---|---|
| EDWARD GRINELL<br>Plaintiff<br>v.<br>UNITED STATES<br>Defendant | ) | Civil Action No. **06-231 C**<br>(Chief Judge Damich) |

PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO STAY PROCEEDINGS

Plaintiff in the above captioned action, by and through undersigned counsel, hereby replies to Defendant's Response to Plaintiff's Motion to Stay Proceedings pursuant to Fed. Cl. R. 7.2(b).

The Election Doctrine, barring a claimant under the Contract Disputes Act ("CDA") from simultaneously proceeding before both a Board of Contract Appeals and the Court of Federal Claims, only applies where an appeal or suit has been filed "in a forum with jurisdiction over the proceeding." Nat'l Neighbors, Inc. v. U.S., 839 F.2d 1539, 1542 (Fed. Cir. 1988). The ninety (90) day time limit within which a contractor must bring an appeal before a Board of Contract Appeals is jurisdictional. D. L. Braughler Co. v. West, 127 F.3d 1476, 1480 (Fed. Cir. 1997); s*ee also* 41 U.S.C. 606. An exception to the 90-day period exists if an appellant detrimentally relies on a Contracting Officer's failure to notify him of the 90-day limit. Decker & Co. v. West, 76

F.3d 1573, 1579-80 (Fed. Cir. 1996). Therefore, the Board must first determine if it has jurisdiction over Mr. Grinnell's appeal before this Court addresses the Election Doctrine.

Plaintiff's Motion seeks a remand to the Postal Service Board of Contract Appeals for a determination of whether it has subject matter jurisdiction. Granting that relief will conserve judicial resources while addressing both the Plaintiff's and the Government's concerns.

Dated: March 28, 2006

Respectfully submitted,
KELLY & ASSOCIATES, LLC

by: s/Sean D. Magenis

SEAN D. MAGENIS
Attorney for Plaintiff
96 High Street
Belfast, Maine 04915
207-338-2702
207-338-0328 (fax)