# In the United States Court of Federal Claims

No. 06-231 C

(Filed: April 27, 2006)

| | | |
|---|---|---|
| **EDWARD GRINNELL**, Plaintiff, | | CDA; Appeal to BCA or COFC; Binding Election Doctrine; Election not binding unless chosen forum has jurisdiction |
| v. | | |
| **THE UNITED STATES**, Defendant. | | |

*Sean D. Magenis*, Belfast, ME, counsel of record for Plaintiff.

*Sean B. McNamara*, Trial Attorney, United States Department of Justice, Civil Division, Commercial Litigation Branch, Washington, D.C., counsel of record for Defendant, with whom were *Peter D. Keisler*, Assistant Attorney General, *David M. Cohen*, Director, and *Brian M. Simkin*, Assistant Director.

## OPINION AND ORDER

### I. Introduction

Plaintiff Edward Grinnell filed a complaint in this court under the Contract Disputes Act on March 24, 2006. On March 30, 2006, Plaintiff filed a Motion to Stay Proceedings, wherein he requests that the court stay the case and remand it to the United States Postal Service Board of Contract Appeals ("BCA") pursuant to Rule 56.2 of the Rules of the United States Court of Federal Claims ("RCFC"). Defendant opposes Plaintiff's motion asserting that Plaintiff may pursue his appeal with the BCA or this court, but not with both. For the reasons discussed below, Plaintiff's motion is GRANTED in-part and DENIED in-part.

### II. Background

This lawsuit arises from a service contract between Plaintiff Edward Grinnell and the United States Postal Service ("USPS"). Am. Compl. ¶ 1. The facts Plaintiff provided to the court are, at best, sketchy. Plaintiff alleges that in a May 20, 2005, letter the Transportation Contracting Officer of the USPS informed Plaintiff that representatives of the District of Maine Performance Cluster investigated an allegation that

Plaintiff had created a hostile work environment. *Id.* (citing Ex. A). Based upon the investigation, the contracting officer informed Plaintiff that he "made an administrative determination that [Plaintiff] be denied access to the mail, [sic] and all Postal facilities." *Id.* ¶ 2 (citing Ex. A). On May 24, 2005, Plaintiff appealed the contracting officer's determination to the Manager of Surface Transportation, Russell A. Sykes, who denied his appeal on August 8, 2005. *Id.* ¶¶ 4- 5 (citing Ex. B). On March 24, 2006, Plaintiff filed suit in this court under the Contract Disputes Act ("CDA"), 41 U.S.C. §§ 606, 609, appealing the contracting officer's decision.

On March 30, 2006, Plaintiff filed a Motion to Stay Proceedings in this case for six months while he pursues a prior-filed appeal with the BCA. Plaintiff's BCA appeal was filed on February 27, 2006–more than nine-months after the contracting officer's decision.[1] *Id.* Plaintiff recognizes that a contractor normally has 90 days to appeal a contracting officer's decision to the BCA and one year to appeal to this court. *Id.* at 1-2. Here, however, Plaintiff asserts that the untimeliness of his BCA appeal was due to the fact that the contracting officer's May 20, 2005, letter did not apprise him of his appeal rights as required under 41 U.S.C. § 605. *Id.* at 2. Plaintiff asserts that since his failure to file a timely appeal is a result of "detrimental reliance on the contracting officer's failure to comply with Section 605 . . ." of the CDA, the BCA may allow his appeal to continue. *Id.* Because it is unclear how the BCA will rule, Plaintiff asserts that he filed suit in this court to preserve his appeal rights with the hope that the court would stay proceeding in the case and remand it to the BCA for a determination on subject matter jurisdiction.

Defendant opposes Plaintiff's motion asserting that the "Election Doctrine" allows Plaintiff to pursue his appeal before this court *or* the BCA–not both. Def.'s Mot. at 1. Defendant also asserts that, in any event, "it is questionable . . . whether [Plaintiff] raises a valid claim under the Contract Disputes Act." *Id.*

## III. Discussion

It is well-established that a contractor who wishes to contest a contracting officer's final decision may appeal to the appropriate board of contract appeals *or* bring a direct action on the claim in this court. 41 U.S.C. § 606 (stating that "[w]ithin ninety days from the date of receipt of a contracting officer's decision under section 605 of this title, the contractor may appeal such decision to an agency board of contract appeals, as provided in section 607 of this title"); *Id.* § 609(a)(1) (stating that "in lieu of appealing the decision of the contracting officer under section 605 of this title to an agency board, a contractor may bring an action directly on the claim in the United States Court of Federal Claims, notwithstanding any contract provision, regulation, or rule of law to the contrary"). The contractor's right to elect the forum of his choice has given rise to a "body of jurisprudence known as the Election Doctrine." *Nat'l Neighbors, Inc. v. United States,* 839 F.2d 1539, 1541-42 (Fed. Cir. 1988) (holding that the Claims Court erred in dismissing Plaintiff's complaint because the case was not ripe in light of the fact that the applicable board of contract appeals had not yet determined whether the appeal was timely).

---

[1]The BCA has not yet ruled on whether to allow Plaintiff's appeal to proceed there.

Under this doctrine, once the contractor makes a binding election, that decision must stand. The contractor thereby relinquishes his right to pursue an appeal with the alternative forum. *Id.* at 1542. However, an election does *not* become binding until the selected forum determines that it has jurisdiction over the appeal. *Id.* "The mere filing . . . of an appeal with the appropriate board of contract appeals was not a binding election . . . and did not bar the subsequent filing of a claim with the Claims Court *if* it was determined by the board that the contractor's appeal to the board was untimely." *Id.* (Citations omitted) (emphasis in original). Accordingly, under this doctrine, "a contractor's choice to pursue an appeal in a forum lacking jurisdiction is *not* a binding election." *Id.*

In the instant matter, Plaintiff asserts that he filed his appeal with the BCA on February 27, 2006–outside the requisite 90 days. Pl.'s Mot. at 1-2. However, Plaintiff hopes that the BCA will not dismiss his appeal on timeliness grounds since this defect was the result of a failure on the part of the contracting officer. Pl.'s Reply at 2; 41 U.S.C. § 605(a) (stating that "[t]he contracting officer shall issue his decisions in writing, and shall mail or otherwise furnish a copy of the decision to the contractor. The decision shall state the reasons for the decision reached, and *shall inform the contractor of his rights as provided in this chapter*.") (Emphasis added). In light of the fact that the BCA has not yet rendered a decision on the timeliness of Plaintiff's appeal, the court finds that Plaintiff has not made a binding election. *Nat'l Neighbors*, 839 F.2d at 1542. Accordingly, a stay of the case is appropriate at this juncture as it will preserve Plaintiff's right to select the forum of his choice while securing "the just, speedy, and inexpensive determination" of this action. RCFC 1.

Plaintiff also requests that the court remand the case to the BCA to determine whether it has jurisdiction to hear his appeal. In light of the fact that Plaintiff has already filed his appeal with the BCA and because the BCA is likely to confront this issue in the immediate future, the court does not believe it is proper or necessary to remand the matter. RCFC 56.2(a).

## IV. Conclusion

For the aforementioned reasons, Plaintiff's Motion to Stay Proceedings is GRANTED in-part and DENIED in-part. If the BCA determines that Plaintiff's appeal is timely and on that basis determines that it has jurisdiction, then under the Election Doctrine Plaintiff's decision to appeal the contracting officer's decision to the BCA is a binding election–precluding his suit in this court under the CDA. *Nat'l Neighbors*, 839 F.2d at 1543. In the event this occurs, the court will dismiss Plaintiff's claim. However, if the BCA finds that it lacks jurisdiction over Plaintiff's appeal, then Plaintiff's decision to appeal to the BCA was not a binding election, and Plaintiff's appeal in this court may continue. *Id.*

Accordingly, the case is hereby stayed until **June 27, 2006**. The parties shall file a joint status report ("JSR") on or before **June 20, 2006**, or within 14 days after the BCA renders a decision on whether it has jurisdiction–whichever is sooner. The JSR shall inform the court of: the status of proceedings before the BCA; when the parties expect that the BCA will resolve the jurisdictional question; and how the parties propose to proceed.

s/Edward J. Damich
EDWARD J. DAMICH
Chief Judge