IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| EDWARD GRINNELL, | ) | |
| Plaintiff, | ) | |
| v. | ) | 06-231 C |
| | ) | (Chief Judge Damich) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

## AMENDED COMPLAINT

Plaintiff in the above captioned matter, by and through undersigned counsel, pursuant to this Court's Order of June 27, 2006, hereby complains of the Defendant herein as follows:

## JURISDICTIONAL ALLEGATIONS

1. Plaintiff, Edward Grinnell ("Grinnell"), is a resident of and is domiciled in Warren, Maine;

2. The Defendant, the United States of America, is a party to this Action as a result of the acts and omissions of its agency and instrumentality, the United States Postal Service ("Postal Service");

3. This case involves mail transportation services provided by Grinnell to the Postal Service Highway Contract Route ("HCR") Contract No. 04530 ("the Contract");

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1491, et seq. and 41 U.S.C. §609;

5. Grinnell has timely and properly exhausted his administrative remedies prior to bringing this Complaint;

## FACTS COMMON TO ALL COUNTS

6. Plaintiff reaffirms and realleges those allegations contained in the above numbered paragraphs as though fully set forth herein;

7. This Complaint involves a claim requesting a total of $20,253.43 for damages incurred by Grinnell as a result of the Postal Service's decision to deny him access to the mail;

8. Joseph G. Arsenault ("Arsenault") is the Contracting Officer for the Contract pursuant to 41 U.S.C.A. §601;

9. Grinnell was informed of a decision by Arsenault to deny Grinnell access to the mail and all Postal Facilities by letter dated May 20, 2005, attached hereto and incorporated herein as "Exhibit A";

10. Arsenault cited no authority for his decision to deny Grinnell access to the mail and all Postal Facilities;

11. Grinnell appealed Arsenault's decision, pursuant to appeal instructions contained in Arsenault's May 20, 2005 letter, to the Manager of Surface Transportation CMC, Russell A. Sykes ("Sykes") by letter dated May 24, 2005;

12. Sykes denied Grinnell's appeal by a letter dated August 8, 2005, attached hereto and incorporated herein as "Exhibit B" alleging that Grinnell violated MI PO-530-2004-2 §131.2(6) as the basis for denying Grinnell's appeal;

13. Grinnell has continued to perform under the Contract while complying with the decision of the Postal Service;

14. Grinnell has not violated MI PO-530-2004-2 §131.2(6);

15. Grinnell is fit to do business with the USPS;

16. Grinnell made a claim to Arsenault for money owed him pursuant to the Contract by letter dated May 17, 2006,;

17. Arsenault denied Grinnell's monetary claim by letter dated June 16, 2006, attached hereto and incorporated herein as "Exhibit C";

## FOR A FIRST CAUSE OF ACTION

18. Plaintiff reaffirms and realleges those allegations contained in the above numbered paragraphs as though fully set forth herein;

19. The Contract was executed between Grinnell and the Postal Service in consideration of Grinnell's provision of services and the Postal Service's payment for those services;

20. Pursuant to the Contract, Grinnell had an interest in payment at the Contract Rate established therein;

21. Pursuant to the Contract, Grinnell had an interest in compensation for services to be personally performed by Grinnell;

22. The decision of the Postal Service to deny Grinnell access to the mail constituted a breach and/or modification of the Contract;

23. Grinnell has been damaged as a direct and proximate result of the Postal Service's breach and/or modification of the Contract;

24. Grinnell has been damaged in the amount of $20,253.43;

WHEREFORE, Plaintiff prays this Court grant judgment in his favor, award him his damages, costs, attorney's fees, and grant all such other and further relief as this Court deems just.

**FOR A SECOND CAUSE OF ACTION**

25. Plaintiff reaffirms and realleges those allegations contained in the above numbered paragraphs as though fully set forth herein;

26. The Postal Service's decision to deny Grinnell access to the mail was based upon its interpretation and application of the Contract;

27. The Contract does not authorize the Postal Service to deny Grinnell access to the mail;

28. The Contract does not allow the Postal Service to deny Grinnell access to the mail based upon the facts available to the Postal Service;

29. The Contract does not allow the Postal Service to deny Grinnell access to the mail based upon the procedures used and investigation conducted by the Postal Service;

30. By denying Grinnell access to the mail, the Postal Service has breached and/or modified the Contract;

31. Grinnell has been damaged as a direct and proximate result of the Postal Service's breach and/or modification of the Contract;

WHEREFORE, Plaintiff prays this Court grant judgment in his favor, vacate the decision of the Contracting Officer to deny Grinnell access to the mail, in the alternative, remand

the decision denying Grinnell access to the mail to the Contracting Officer, direct the Contracting Officer to vacate his decision to deny Grinnell access to the mail, and, in any case, award Grinnell his costs, attorney's fees, and grant all such other and further relief as this Court deems just.

Dated: August 25, 2006

Respectfully submitted,
KELLY & ASSOCIATES, LLC

by: s/ Sean D. Magenis

Sean D. Magenis, Esq.
Attorney for Plaintiff
96 High Street
Belfast, Maine 04915
207-338-2702
207-338-0328 (fax)

**CERTIFICATE OF SERVICE**

I, Sean D. Magenis, Esq., hereby certify that on this 25th day of August, 2006, I electronically filed Plaintiff's Amended Complaint using the CM/ECF system which will send notification of such filing(s) to the following:

Sean B. McNamara
Trial Attorney
Civil Litigation Branch
Civil Division
U.S. Department of Justice
Washington, D.C. 20530
sean.mcnamara@usdoj.gov

s/ Sean D. Magenis
Sean D. Magenis